UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| T-W TRANSPORT, INC., a Washington corporation, | Case No.: 3:15-CV-00099-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| vs. | |
| TA OPERATING LLC, a Delaware limited liability company, dba MR. B'S LOUNGE, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

Plaintiff T-W Transport, Inc. ("T-W"), a Washington corporation, brings this action against

Defendant TA Operating, LLC ("TA"), a Delaware limited liability company for: (1) indemnity, (2)

PAGE 1 - FINDINGS AND RECOMMENDATION                                                    {RK}

contribution, (3) negligence, and (4) liquor liability under Oregon Revised Statute ("OR. REV. STAT.") § 471.565. T-W alleges TA should indemnify T-W or contribute to the cost of a settlement with a third party ("K.E."), and for payment of damages to public roads, a police vehicle, and for T-W's equipment. T-W also alleges TA violated OR. REV. STAT. § 471.565 because TA's employee continued to serve alcohol to T-W's employee while he was visibly intoxicated.

Currently before the court is TA's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) against T-W's first, second, and fourth claims, and against T-W's Alternative Motion for Leave to File Second Amended Complaint pursuant to FED. R. CIV. P. 15. TA's Motion to Dismiss should be granted because T-W's allegations in the amended complaint do not state a legally cognizable claim for relief. In addition, T-W's Alternative Motion for Leave to File Second Amended Complaint should be denied. Finally, the court lacks subject matter jurisdiction because T-W's remaining claim is less than the amount in controversy requirement for diversity jurisdiction.

## Background

At approximately 10:00 a.m. on March 17, 2013, Kenneth Burgess ("Burgess"), a truck driver then employed by T-W, was driving a tractor-trailer combination owned by T-W, when he stopped at a truck stop owned by TA in Troutdale, Oregon. (Am. Compl. ¶ 6.) TA owns and operates a restaurant and bar called Mr. B's Lounge located within the truck stop, and operates Mr. B's Lounge under the assumed business name of TravelCenters of America. (Am. Compl. ¶ 5.) Burgess entered Mr. B's Lounge and consumed multiple alcoholic beverages. (Am. Compl. ¶ 7.) TA's employee bartender continued to sell alcoholic beverages to Burgess even though Burgess was visibly intoxicated. (*Id.*) T-W did not authorize Burgess to consume alcoholic beverages while using T-W's truck to make deliveries. (Am. Compl. ¶ 8.)

PAGE 2 - FINDINGS AND RECOMMENDATION                                        {RK}

Later that day, Burgess returned to T-W's tractor-trailer to sleep. (Am. Compl. ¶ 9.) At around 4:00 a.m. on March 18, 2013, Burgess, while still intoxicated, began driving T-W's tractor-trailer the wrong way on Interstate 84, heading westbound in the eastbound travel lanes. (Am. Compl. ¶ 10.) Burgess eventually merged onto Interstate 205 and drove northbound in the southbound travel lanes onto Interstate 205's Glenn L. Jackson Memorial Bridge, which spans the Columbia River between Portland, Oregon, and Vancouver, Washington. (Am. Compl. ¶ 11.) At around 4:15 a.m., Burgess collided head-on with a vehicle driven by an adult female ("K.E.") (Am. Compl. ¶ 12.) K.E. suffered personal injuries and damage to her vehicle. (*Id.*) In addition, T-W sustained property damage to its tractor-trailer. (*Id.*)

After the collision, police officers measured Burgess's blood-alcohol content at 0.15%. (Am. Compl. ¶ 13.) K.E. asserted a claim for personal injuries and property damage against T-W. (Am. Compl. ¶ 16.) On April 17, 2013, T-W served TA with written notice of intent to assert a claim for property damage against TA. (*Id.*) T-W claims TA is liable in tort to K.E. and T-W under OR. REV. STAT. § 471.565 and other applicable laws. (*Id.*) T-W settled K.E.'s claims and paid K.E. $300,000. (Am. Compl. ¶ 18.) In exchange, K.E. released all persons and entities from any and all claims related to the accident and her damages. (*Id.*)

## *Legal Standard*

### I FED. R. CIV. P. 12(b)(6)

A well-pleaded complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). A FED. R. CIV. P. 12(b)(6) motion is granted if the allegations in the complaint are insufficient to state a claim for relief. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Court explained the necessity of including sufficient facts in

the pleading to give proper notice of the claim and its basis: "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (alteration omitted). The Court stated, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Later, in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), the Court illuminated two principles underlying its decision in *Twombly*. First, the proposition that a court must accept all allegations in a complaint does not force a court to accept all legal conclusions set forth in a pleading as true. *Id.* at 678. Second, the complaint must contain a plausible, not merely possible, claim for relief. *Id.* at 679. The Court clarified that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). The Court concluded "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief." *Id.*

On a motion to dismiss for failure to state a claim, the court must take as true all allegations of material fact, construing them in the light most favorable to the nonmoving party. *Am. Family Ass'n Inc. v. City & County of S. F.*, 277 F.3d 1114, 1120 (9th Cir. 2002). The court's review is limited to the face of the complaint, any documents referenced in the complaint, and those matters

which the court may properly take judicial notice. *Schwartz v. KPMG LLP*, 476 F.3d 756, 763 (9th

Cir. 2007). Otherwise, as a general rule, a district court may not consider any material outside the

pleadings when ruling on a FRCP 12(b)(6) motion. *Lee v. City of L. A.*, 250 F.3d 668, 688 (9th Cir.

2001).

## II. FED. R. CIV. P. 15

Rule 15 governs amendments to pleadings and states, in relevant part, that where a party

already has been served with a responsive pleading, "a party may amend its pleading only with the

opposing party's written consent or the court's leave. The court should freely give leave when

justice so requires." FED. R. CIV. P. 15(a)(2). The standard applied to motions for leave to amend

is a liberal one. *Amerisource Bergen Co. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

Even so, "a district court need not grant leave to amend where the amendment: (1) prejudices the

opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."

*Id.* Furthermore, "[w]here the plaintiff has previously filed an amended complaint . . . the district

court's discretion to deny leave to amend is 'particularly broad.'" *Miller v. Yokohama Tire Corp.*,

358 F.3d 616, 622 (9th Cir. 2004) (citing *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir.

2002) (citation omitted)).

## III. FED. R. CIV. P. 12(h)(3)

The federal district courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v.*

*Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). Thus, federal courts can hear only certain types

of cases, which include "all civil actions arising under the Constitution, laws, or treaties of the

United States", or "all civil actions where the matter in controversy exceeds the sum or value of

$75,000, . . . , and is between (1) citizens of different states. . . ." 28 U.S.C. § 1331, § 1332. The

court has an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Subject matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived. *U. S. v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, when a federal court finds that it lacks subject matter jurisdiction, it must dismiss the complaint in its entirety. *Arbaugh v. T & H Corp.*, 546 U.S. 500, 514 (2006).

To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000). Generally, the amount in controversy is determined from the face of the pleadings. *Id.* The amount in controversy is "the value of the object of the litigation" from the plaintiff's viewpoint. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977).

## Discussion

T-W argues TA is liable in tort to T-W and K.E. under OR. REV. STAT. § 471.565. TA argues it has no liability under OR. REV. STAT. § 471.565 because K.E. did not provide notice of a claim against TA within 180 days, and because T-W is not a protected party under the statute.

I. TA's Motion to Dismiss for Failure to State a Claim

*A. T-W's First Claim for Indemnity*

T-W alleges a claim for common law indemnity against TA for discharging a legal obligation TA owed to K.E. (Am. Compl. ¶ 20-27.) T-W argues but for the settlement with K.E., TA is liable under OR. REV. STAT. § 471.565 and should indemnify T-W for the entire amount of the settlement. (Am. Compl. ¶ 22.) TA responds T-W failed to allege TA is liable under OR. REV. STAT. § 471.565

pursuant to notice of a claim from K.E. (Def's Mem. in Supp. at 5.) T-W responds TA is liable in tort because T-W gave actual notice under OR. REV. STAT. § 471.565(7) to TA of T-W's intent to assert a claim. (Am. Compl. ¶ 16.)

Recently, the Oregon Supreme Court eliminated common law indemnity claims because they are inconsistent with Oregon's comparative negligence statutes. *Eclectic Inc., LLC v. Patterson*, 357 Or. 25, 38 (2015). In *Eclectic*, plaintiff sued both Jackson county and a contractor for negligence. *Id.* at 27. A jury found plaintiff more than 50 percent at fault; therefore, under OR. REV. STAT. § 31.600 neither the county or contractor were liable to plaintiff. *Id.* Jackson county also filed a cross-claim for common law indemnity against the contractor for costs incurred defending plaintiff's claims. *Id.* The court denied Jackson county's claim for common law indemnity because liability is several only and allocated by the degree of fault of each party. *Id.* at 38. The court ruled that Oregon law no longer provides for joint liability of multiple tortfeasors. *Id.* at 35. The court found that the Oregon Legislature instituted a system of comparative fault in which (1) the trier of fact allocates fault and responsibility for payment of damages between parties; and (2) each tortfeasor is liable for damages attributable only to its own negligence. *Id.* at 35-6.

Because the Oregon Supreme Court eliminated common law indemnity, T-W is unable to assert a claim for common law indemnity. Consequently, T-W's first claim for relief should be dismissed.

B.      T-W's Second Claim for Contribution

T-W's second claim requests contribution from TA for the settlement with K.E. because the settlement extinguished TA's liability to K.E. (Am. Compl. ¶ 27.) TA responds T-W cannot prove TA is liable to K.E. under OR. REV. STAT. § 471.565. (Def's Mem. in Supp. at 5.) In Oregon,

claims for contribution are cognizable under OR. REV. STAT. § 31.800(1). That statute provides in

relevant part:

> Where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant.

The elements for a contribution claim are: (1) a party is liable in tort for the same injury; (2)

there is a payment by the contribution plaintiff of more than a proportional share of the common

liability; (3) the settlement extinguished the contribution defendant's liability for the injury; and (4)

the settlement is reasonable for the injury. *Jensen v. Alley*, 128 Or. App. 673, 677 (1994). In this

case, whether TA is also liable for the injuries K.E. suffered from Burgess's drunk driving is the

primary issue. Under OR. REV. STAT. § 471.565, a licensed alcohol provider is subject to suit for

damages caused by an intoxicated patron if the claimant provides notice of a claim within 180 days

after the claim accrues. Specifically, OR. REV. STAT. § 471.565(3) provides in part:

> An action for damages caused by intoxicated patrons or guests off the premises of a person licensed by the Oregon Liquor Control Commission, a person holding a permit issued by the commission or a social host may be brought only if the person asserting the claim has given the licensee, permittee, or social host notice required by subsection (5) of this section within the following time periods: . . . (b) If a claim for damages for injuries other than wrongful death, notice must be given within 180 days after the injury occurs, or within 180 days after the person asserting the claim discovers or reasonably should have discovered the existence of a claim under this section, whichever is later.

A similar notice provision in the Oregon Torts Claim Act ("OTCA") has been construed to

require the injured party to send notice. In *Mitchell v. Sherwood*, 161 Or. App. 376, 381, *rev. den.*

329 Or. 479 (1999), the Oregon Court of Appeals held that a third-party contribution claim could

not be brought against the state of Oregon if the plaintiff did not provide the state with a 180-day tort

claim notice. *Id.* at 378. Here, K.E., the injured claimant, did not provide notice to TA of her claim under OR. REV. STAT. § 471.565. Instead, K.E. asserted a claim only against T-W. (Am. Compl. ¶ 14.)

T-W's complaint does not sufficiently allege a claim of contribution under OR. REV. STAT. § 471.565. T-W failed to allege TA is liable to K.E. under OR. REV. STAT. § 471.565. Accordingly, T-W's second claim should be dismissed.

C.   T-W's Fourth Claim of Statutory Liability[1]

A federal court interpreting state law should interpret the law as would that state's supreme court. *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 925 (9th Cir. 2004). Therefore, the court must "apply the familiar framework for statute interpretation established in *Portland Gen. Elec. v. Bureau of Labor and Indus.*, 317 Or. 606 (1993), and subsequently modified by *State v. Gaines*, 346 Or. 160 (2009)." *Sundermier v. State ex rel. Pub. Emps. Ret. Sys.*, 269 Or. App. 586, 595 (2015).

Under this framework, the primary goal of statutory construction is to discern the legislature's intent in enacting the statute at issue. *Gaines*, 346 Or. at 171; OR. REV. STAT. § 174.020. To do so, the court first looks to the "text and context" of the statute as "there is no more persuasive evidence of the intent of the legislature than 'the words by with the legislature undertook to give expression to its wishes.'" *Id.* (quoting *State ex rel. Cox v. Wilson*, 277 Or. 747, 750 (1977)).

Courts must assume the legislature intended the words of the statute to have their plain, natural, and ordinary meaning unless specifically defined by the legislature. *Gaines*, 346 Or. at 175.

---

[1]T-W labeled the fourth claim of relief "strict liability" instead of "statutory liability." (Pl.'s Resp. in Opp'n at 15.)

A statutory term's "context" includes both its immediate context – the phrase or sentence in which the term appears – and the "broader context," which includes other statutes "on the same subject." *State v. Stamper*, 197 Or. App. 413, 417-18 (2005). After reviewing the statutory text and context, the court should consider pertinent legislative history offered by the parties. *Gaines*, 346 Or. at 172. Finally, and only if the legislative intent remains in doubt after consideration of the text, context, and legislative history, the court may resort to general rules of statutory construction for guidance in resolving the issue before it. *Id.* at 172.

Examining the text of OR. REV. STAT. § 471.565, the statute consistently uses words limiting liability for licensed alcohol providers. In OR. REV. STAT. § 471.565(1), a patron or guest who voluntarily consumes alcoholic beverages served by a licensed alcohol provider does not have a cause of action. In addition, OR. REV. STAT. § 471.565(2) states a licensed alcohol provider is not liable for damages unless the plaintiff proves by clear and convincing evidence that the licensee provided alcohol when the patron was visibly intoxicated and the plaintiff did not contribute to the intoxication. Finally, OR. REV. STAT. § 471.565(3) states an action against a licensed alcohol provider can be brought only if the claimant provides notice within the time period provided in OR. REV. STAT. § 471.565(5). The text of OR. REV. STAT. § 471.565 illustrates the legislature's intent to precisely limit liability under the statute to only licensed alcohol providers.

Next, the context of OR. REV. STAT. § 471.565 also illustrates an intention to limit the circumstances from which liability licensed alcohol providers will be liable because the statute focuses exclusively on "automobile or traffic related injuries." *Deckard v. Bunch*, 267 Or. App. 41, 47 (2014) (citing *Gattman v. Favro*, 306 Or. 11, 22 (1988)). The *Deckard* court examined the *Gattman* decision, which explained that OR. REV. STAT. § 30.950, now recodified as OR. REV. STAT.

§ 471.565, was intended to protect only those plaintiffs injured in drunk-driving accidents. *Gattman v. Favro*, 306 Or. 11, 22 (1988). In *Gattman*, the plaintiff was stabbed by a drunk patron. *Id.* at 13. In deciding the plaintiff was not entitled to relief under OR. REV. STAT. § 471.565, the court expressed concern of expanding liability to licensed alcohol providers:

> Throughout the committee hearings, members assumed that the issue was the extent of licensee and permittee liability for injuries caused by intoxicated motorists under then existing caselaw and how such caselaw should be modified; at no time did anyone cite a fact pattern or example involving liability outside the context of automobile or traffic related injuries.

*Id.* at 22. The court concluded by reversing the Oregon Court of Appeals and stating "the entire legislative history is in terms of protection of persons injured by inebriated motorists." *Id.* at 24.

In addition, the *Deckard* court also explained how subsequent legislation further limited liability for licensed alcohol providers. In response to decisions in *Grady v. Cedar Side Inn, Inc.*, 330 Or. 42 (2000), and *Fulmer v. Timber Inn Restaurant and Lounge, Inc.*, 330 Or. 413 (2000), the legislature revised OR. REV. STAT. § 471.565 to exclude "non-innocent" plaintiffs who contributed to their own intoxication or who were complicit in the intoxication of a patron. *Deckard v. Bunch*, 267 Or. App. 41, 48-50 (2014). The innocent-plaintiff requirement in OR. REV. STAT. § 471.565 is set out in OR. REV. STAT. § 471.565(2). Specifically, under OR. REV. STAT. § 471.565(2) a licensed alcohol provider is:

> Not liable for damages caused by intoxicated patrons or guests unless the plaintiff proves by clear and convincing evidence that:
>
> > (a) The licensee, permittee or social host served or provided alcoholic beverages to the patron or guest while the patron or guest was visibly intoxicated; and
>
> > (b) The plaintiff did not substantially contribute to the intoxication of the patron or guest by:

(A) Providing or furnishing alcoholic beverages to the patron or guest;

(B) Encouraging the patron or guest to consume or purchase alcoholic beverages or in any other manner; or

(C) Facilitating the consumption of alcoholic beverages by the patron or guest in any manner.

T-W alleges TA violated OR. REV. STAT. § 471.565 because TA's bartender employee continued to serve Burgess, who was visibly intoxicated. (Am. Compl. ¶ 34.) TA argues T-W does not fall under the class of persons OR. REV. STAT. § 471.565 is meant to protect, and the harm suffered is not the type the statute is meant to address. (Def's Mem. in Supp. at 10.) Specifically, TA argues OR. REV. STAT. § 471.565 protects only innocent third-parties who are injured by drunk drivers, not employers whose intoxicated employee causes damages to the employer's vehicle. (*Id.*) T-W argues T-W is an innocent third-party because T-W did not give Burgess permission to drink on the job and T-W suffered harm from a drunk driving accident. (Am. Compl. ¶ 8.)

Based on the text, context, and legislative history underlying the statute, T-W does not fall within the class of persons protected under OR. REV. STAT. § 471.565. The legislative history of OR. REV. STAT. § 471.565 demonstrates the legislatures concern with cases expanding liability against licensed alcohol providers.

> Members of the 1979 legislature would be surprised to hear that in attempting to limit the liability of servers of alcoholic beverages to the standard stated in *Campbell*, they instead created licensee and permittee liability for all actions of an intoxicated customer upon satisfaction of the standard first stated in *Campbell*, *i.e.*, serving intoxicating person.

*Gattman v. Favro*, 306 Or. 11, 22 (1988). The legislative history of OR. REV. STAT. § 471.565 illustrates the legislature's intent to protect individuals such as K.E.; the legislature did not intend

employers, such as T-W, to be protected under OR. REV. STAT. § 471.565.

Accordingly, T-W has failed to sufficiently state a claim for relief under OR. REV. STAT. § 471.565. T-W's fourth claim should be dismissed, with prejudice.

## II. Alternative Motion for Leave to File Second Amended Complaint

The standard applied to motions for leave to amend is a liberal one. *Amerisource Bergen Co. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Courts may decline to grant leave to amend only if there is strong evidence of "undue delay, bad faith or dilatory notice on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). T-W did not sufficiently allege TA is liable in tort under OR. REV. STAT. § 471.565., and T-W's Alternative Motion for Leave to File Second Amended Complaint would be futile because T-W is not within the protected class under OR. REV. STAT. § 471.565. Thus, T-W's Motion for Leave to Amend should be denied.

## III. Subject Matter Jurisdiction

The court has an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). T-W's remaining claim of negligence fails to meet the amount in controversy requirement of $75,000 or greater. T-W's claim alleges damages to a tractor-trailer valued at approximately $52,875. (Am. Compl. ¶ 29.) T-W's complaint states a prayer for relief less than the amount in controversy requirement and therefore, T-W's remaining claim should be dismissed.

PAGE 13 - FINDINGS AND RECOMMENDATION                                    {RK}

*Conclusion*

For the aforementioned reasons, Defendant's Motion to Dismiss (Dkt No. 6) should be GRANTED, and Plaintiff's Motion for Leave to Amend (Dkt No. 14) should be DENIED. The court lacks subject matter jurisdiction for T-W's remaining claim. Therefore, that claim should be DISMISSED.

*Scheduling Order*

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due August 31, 2015. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

DATED this 17th day of August, 2015.

JOHN V. ACOSTA
United States Magistrate Judge

PAGE 14 - FINDINGS AND RECOMMENDATION                                    {RK}